FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TATUM KIMBLE,<br><br>        Plaintiff,<br><br>v.<br><br>YAKIMA COUNTY JAIL and DEPARTMENT OF CORRECTIONS,<br><br>        Defendants. | No. 1:23-CV-03200-SAB<br><br>ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) |

      Plaintiff Tatum Kimble filed a *pro se* civil rights complaint on December 18, 2023, while incarcerated at Yakima County Jail. ECF No. 1. On May 6, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis,* ECF No. 10, and advised Plaintiff of the deficiencies of his complaint, directing him to amend or voluntarily dismiss within sixty (60) days. ECF No. 11.

      By letter dated December 18, 2023, the Clerk of Court had directed Plaintiff to keep the Court informed of any change of address: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to received Court orders and correspondence." ECF No. 4. Although Plaintiff had complied with prior Orders of the Court, *see* ECF Nos. 5–8, the Orders sent to him at the Yakima County Jail on May 6, 2024, ECF Nos. 10, 11, were returned as undeliverable on May 21, 2024. ECF No. 12.

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) # 1

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action. *See* LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants). Because Plaintiff has failed to keep the Court apprised of his current address, the Court finds it appropriate to dismiss this action.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) # 2

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).
2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.
3. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to Plaintiff at his last known address.

**DATED** this 1st day of August 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) # 3